IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YAMIRKA ACOSTA DE PINA, YUNIESKI ALDANA TORRES, YUSDEL ALEJO JIMENEZ, JORGE LUIS CASTRO FERNANDEZ, JOSE ANTONIO CHAVEZ ESCOBAR, ROXANA ESCALONA HERNANDEZ, RAYSA GOMEZ SOROA, MARVIN D. GONGORA MARTINEZ, JORGE L. GONZALEZ GUZMAN, NALLIVIS GUZMAN SANCHEZ, DAVID HERNANDEZ RIVERO, YANIBEL MARTIN ACOSTA, JOISE PEREZ VELAZQUEZ, ADALBERTO RODRIGUEZ SANTA CRUZ, GUSTAVO SIERRA DENIS, OLEIDIS ZAMORA PEREZ,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; JOSEPH B. EDLOW, in his official capacity as Director of the U.S. Citizenship and Immigration Services;  U.S. DEPARTMENT OF HOMELAND SECURITY, and MARKWAYNE MULLIN, in his official Capacity as Director of the U.S. Department of Homeland Security,<br><br>Defendants. | **4:26CV3148**<br><br><br>**ORDER** |

This matter is before the Court on plaintiffs Yamirka Acosta de Pina, Yunieski Aldana Torres, Yusdel Alejo Jimenez, Jorge Luis Castro Fernandez, Jose Antonio Chavez Escobar, Roxana Escalona Hernandez, Raysa Gomez Soroa, Marvin D. Gongora Martinez, Jorge L. Gonzalez Guzman, Nallivis Guzman Sanchez, David Hernandez Rivero, Yanibel Martin Acosta, Joise Perez Velazquez, Adalberto Rodriguez Santa Cruz, Gustavo Sierra

Denis, and Oleidis Zamora Perez's (collectively, the "plaintiffs") Motion for Temporary Restraining Order and Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 (Filing No. 10). The plaintiffs ask "this Court to grant immediate injunctive relief, by entering a Temporary Restraining Order [("TRO")], and upon notice and a future evidentiary hearing, Plaintiffs further request this Court grant a preliminary injunction, wherein: (i) Defendants are enjoined from imposing their arbitrary, capricious, and unlawful policies, specifically, PM-602-0192, PM-602-0194, and PM- 602-0199, as to the 16 Plaintiffs in this action; and (ii) Defendants are compelled to adjudicate the Plaintiffs' pending Form I-485 and Form I-765 applications, pursuant to the Cuban Adjustment Act [("CAA")], Pub. L. No. 89-732, 80 Stat. 1161 (1966), within 30 days of the Court's order."

At this point, the plaintiffs' primary focus is their request for a TRO. Under Rule 65(b)(1), the Court is authorized to issue a TRO "without written or oral notice to the adverse party or its attorney only if the moving party provides" the following:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

To show "irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Iowa Utils. Bd. v. FCC*, 109 F.3d 418, 425 (8th Cir. 1996).

Here, the plaintiffs broadly assert that "absent any injunctive relief granted by this Court, the Defendants' arbitrary, capricious, and otherwise unlawful policies, coupled with the unreasonable delay in their adjudication process, will continue to irreparably harm the Plaintiffs and their pending applications for lawful status in the United States." More specifically, counsel for the plaintiffs assert by attorney verification (Filing No. 10) "that immediate and irreparable injury, loss, or damage will result to Plaintiffs before Defendant

2

can be heard in opposition, as the Plaintiffs: (i) have a credible fear of arrest and removal from the United States by ICE; and (ii) face the loss of work authorization, forced family separation, and other severe consequences that cannot be adequately compensated or remedied by any other form of relief." Beyond their certificate of service, counsel does not describe any effort to contact any of the defendants regarding their request for a TRO.

After careful review, the Court finds the plaintiffs have not met the standard for a TRO. In particular, they have not provided specific facts that "clearly show" they will suffer "immediate and irreparable injury, loss, or damage" before the defendants "can be heard in opposition" to their motion. Fed. R. Civ. P. 65(b)(1); *see also Choreo, LLC v. Lors*, 164 F.4th 667, 671 (8th Cir. 2026) (explaining speculation does not establish irreparable harm); *H&R Block, Inc. v. Block, Inc.*, 58 F.4th 939, 951 (8th Cir. 2023) ("[T]he harm must not only be 'more than the mere possibility' of irreparable harm, it also 'must be more than mere speculation.'" (quoting *Padda v. Becerra*, 37 F.4th 1376, 1384 (8th Cir. 2022))).

For that reason, the plaintiffs' *ex parte* request for a temporary restraining order is denied. Their related request for a preliminary injunction "upon notice and a future evidentiary hearing" remains open pending further proceedings.

IT IS SO ORDERED.

Dated this 7th day of July 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

3