**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
LINCOLN DIVISION**

| | | |
|---|---|---|
| Yamirka ACOSTA DE PINA,<br><br>Yunieski ALDANA TORRES,<br><br>Yusdel ALEJO JIMENEZ,<br><br>Jorge Luis CASTRO FERNANDEZ,<br><br>Jose Antonio CHAVEZ ESCOBAR,<br><br>Roxana ESCALONA HERNANDEZ,<br><br>Raysa GOMEZ SOROA,<br><br>Marvin D. GONGORA MARTINEZ,<br><br>Jorge L. GONZALEZ GUZMAN,<br><br>Nallivis GUZMAN SANCHEZ,<br><br>David HERNANDEZ RIVERO,<br><br>Yanibel MARTIN ACOSTA,<br><br>Joise PEREZ VELAZQUEZ,<br><br>Adalberto RODRIGUEZ SANTA CRUZ,<br><br>Gustavo SIERRA DENIS,<br><br>Oleidis ZAMORA PEREZ,<br><br>*Plaintiffs,*<br>v.<br><br>U.S. Citizenship and Immigration Services;<br><br>Joseph B. EDLOW, in his official capacity as Director of the U.S. Citizenship and | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Case No: 4:26-cv-03148-RFR-RCC |

| | |
|---|---|
| Immigration Services; | § |
| | § |
| U.S. Department of Homeland Security; | § |
| | § |
| Markwayne MULLIN, in his official Capacity as Secretary of the U.S. Department of Homeland Security; | § § § |
| | § |
| | § |
| *Defendants.* | § |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

**INTRODUCTION**

1. In this action, 16 Plaintiffs challenge Defendant U.S. Citizenship and Immigration Services ("USCIS")'s ongoing delay in adjudicating their pending applications for lawful permanent residence. All plaintiffs are Cuban nationals who have filed applications for permanent residence ("CAA petitions"), and who have demonstrated their prima facie eligibility for these benefits through their filed applications that are pending adjudication by USCIS.

2. Plaintiffs ("Plaintiffs") are 16 Cuban nationals and citizens who: (a) were lawfully admitted or paroled into the United States; (2) have since accumulated over one-year physical presence in the U.S.; (3) have filed for adjustment of status with USCIS, based on their *prima facie* eligibility to do so pursuant to the Cuban Adjustment Act ("CAA"), Pub. L. No. 89-732, 80 Stat. 1161 (1966); (4) have been subjected to an unreasonable delay in the adjudication of their CAA petitions by USCIS.

3. After arriving in the United States, the Plaintiffs each endeavored to comply with the affirmative steps required, under the CAA and the Immigration and Nationality Act ("INA"), to regularize their immigration status. Each Plaintiff timely filed a Form I-485,

Application to Register Permanent Residence or Adjust Status under the CAA ("CAA Petitions"), with USCIS.

4. Plaintiffs have since remained fully compliant with all USCIS requirements, have responded promptly to any agency requests, and have maintained their eligibility for the relief sought under the CAA. However, despite the Plaintiffs' *prima facie* eligibility for this form of relief, and their full compliance with all requirements established under the law, USCIS has failed to render adjudicative decisions on the Plaintiffs' CAA petitions. This unreasonable delay leaves the Plaintiffs in a state of prolonged and indefinite immigration limbo that is both unlawful and deeply harmful.

5. The harm to Plaintiffs is immediate, concrete, and irreparable. Without adjudication of their CAA petitions, Plaintiffs cannot obtain the Lawful Permanent Resident ("LPR") status to which they are legally entitled. Plaintiffs are restricted in their ability to travel, unable to plan their futures, and are denied the stability and legal security that Congress expressly intended the CAA to provide. Every day of continued delay only compounds these harms.

6. Accordingly, Plaintiffs bring this lawsuit to stop these harms by requiring USCIS to comply with its obligations under the Administrative Procedure Act ("APA"). Plaintiffs respectfully request that, among other relief deemed just and proper, this Court: (a) declare that USCIS has unreasonably delayed and unlawfully withheld adjudication of Plaintiffs' pending I-485 applications in violation of the APA, 5 U.S.C. § 706(1); (b) order USCIS to adjudicate each of Plaintiffs' pending I-485 applications within a date certain set by this Court; (c) retain jurisdiction over this matter to ensure compliance with its order; and (d) award Plaintiffs their reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## JURISDICTION

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1361 (Mandamus Act). Additionally, the Court may grant declaratory and injunctive relief pursuant to 28 U.S.C. §§2201-2202, 5 U.S.C. §§702, 706(1) and 28 U.S.C. § 1361.

8. The government has waived any sovereign immunity defense pursuant to 5 U.S.C. § 702.

## VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), because this is a civil action in which Defendants are officers or employees of the United States, acting in their official capacity, Plaintiffs reside in this District, and no real property is involved in this action.

## PARTIES

10. Plaintiffs, collectively, are 16 Cuban nationals and citizens who were lawfully admitted or paroled into the United States after January 1, 1959. Plaintiffs have since accrued over one year of physical presence in the United States and filed applications with USCIS to adjust their immigration status and obtain lawful permanent residence (commonly known as "green cards ").

11. **Plaintiff Yamirka Lazara Acosta de Pina** is a native and citizen of Cuba. Plaintiff Acosta de Pina filed her CAA petition with USCIS while physically residing in Cozad, Nebraska which confers jurisdiction on this Court. Plaintiff Acosta de Pina was inspected and admitted or paroled into the United States at Miami, Florida, on or about August 16, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years. On September 20, 2024, Plaintiff Acosta de Pina timely filed her CAA

petition (Receipt No. MSC2491055335) with USCIS. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff Acosta de Pina's CAA petition has been pending for approximately 25 months.

12. **Plaintiff Yunieski Aldana Torres** is a native and citizen of Cuba. Plaintiff Aldana Torres filed his CAA petition with USCIS while physically residing in Lincoln, Nebraska, which confers jurisdiction on this Court. Plaintiff Aldana Torres was inspected and admitted or paroled into the United States at Brownsville, Texas, on or about July 27, 2024, and has since maintained continuous physical presence in the United States for a period exceeding 2 years and 3 months. On August 25, 2025, Plaintiff Aldana Torres timely filed his CAA petition (Receipt No. IOE0933582424), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months. As of the date of this Complaint, Plaintiff Aldana Torres's CAA petition has been pending for approximately 14 months.

13. **Plaintiff Yusdel Alejo Jimenez** is a native and citizen of Cuba. Plaintiff Alejo Jimenez filed his CAA petition with USCIS while physically residing in Cozad, Nebraska, which confers jurisdiction on this Court. Plaintiff Alejo Jimenez was inspected and admitted or paroled into the United States at Miami, Florida, on or about August 16, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years. On September 20, 2024, Plaintiff Alejo Jimenez timely filed his CAA petition (Receipt No. MSC2491055589) with USCIS. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months. As

of the date of this Complaint, Plaintiff Alejo Jimenez's CAA petition has been pending for approximately 25 months.

14. **Plaintiff Jorge Luis Castro Fernandez** is a native and citizen of Cuba. Plaintiff Castro Fernandez filed his CAA petition with USCIS while physically residing in Cozad, Nebraska, which confers jurisdiction on this Court. Plaintiff Castro Fernandez was inspected and admitted or paroled into the United States at Nogales, Arizona, on or about September 15, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years. On October 11, 2024, Plaintiff Castro Fernandez timely filed his CAA petition (Receipt No. MSC2590034853) with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff Castro Fernandez's CAA petition has been pending for approximately 25 months.

15. **Plaintiff Jose Antonio Chavez Escobar** is a native and citizen of Cuba. Plaintiff Chavez Escobar filed his CAA petition with USCIS while physically residing in Fremont, Nebraska, which confers jurisdiction on this Court. Plaintiff Chavez Escobar was inspected and admitted or paroled into the United States at Miami, Florida on or about May 18, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years. On June 27, 2024, Plaintiff Chavez Escobar timely filed his CAA petition (Receipt No.MSC2490833492) with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff Chavez Escobar 's CAA petition has been pending for approximately 28 months.

16. **Plaintiff Roxana Escalona Hernandez** is a native and citizen of Cuba. Plaintiff Escalona Hernandez filed her CAA petition with USCIS while physically residing in Grand Island, Nebraska, which confers jurisdiction on this Court. Plaintiff Escalona Hernandez was inspected and admitted or paroled into the United States at Miami, Florida, on or about January 20, 2024, and has since maintained continuous physical presence in the United States for a period now exceeding 2 years and 9 months. On April 3, 2025, Plaintiff Escalona Hernandez timely filed her CAA petition (Receipt No. IOE0931164147) with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months. As of the date of this Complaint, Plaintiff Escalona Hernandez's CAA petition has been pending for approximately 19 months.

17. **Plaintiff Raysa Gomez Soroa** is a native and citizen of Cuba. Plaintiff Gomez Soroa filed her CAA petition with USCIS while physically residing in Grand Island, Nebraska, which confers jurisdiction on this Court. Plaintiff Gomez Soroa was inspected and admitted or paroled into the United States at Miami, Florida, on or about April 13, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 7 months. On April 26, 2024, Plaintiff Gomez Soroa timely filed her CAA petition (Receipt No. MSC2490697884) with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff Gomez Soroa's CAA petition has been pending for approximately 30 months.

18. **Plaintiff Marvin Daniel Gongora Martinez** is a native and citizen of Cuba. Plaintiff Gongora Martinez filed his CAA petition with USCIS while physically residing in Omaha, Nebraska, which confers jurisdiction on this Court. Plaintiff Gongora Martinez was inspected and admitted or paroled into the United States at Nogales, Arizona, on or about December 3, 2023, and has since maintained continuous physical presence in the United States for a period of approximately 3 years. On December 6, 2024, Plaintiff Gongora Martinez timely filed his CAA petition (Receipt No. MSC2590201456) with USCIS. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff Gongora Martinez's CAA petition has been pending for approximately 23 months.

19. **Plaintiff Jorge Lazaro Gonzalez Guzman** is a native and citizen of Cuba. Plaintiff Gonzalez Guzman filed his CAA petition with USCIS while physically residing in Omaha, Nebraska, which confers jurisdiction on this Court. Plaintiff Gonzalez Guzman was inspected and admitted or paroled into the United States at Eagle Pass, Texas on or about November 26, 2022, and has since maintained continuous physical presence in the United States for a period nearly exceeding 4 years. On December 15, 2023, Plaintiff Gonzalez Guzman timely filed his CAA petition (Receipt No. MSC2490272679), with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 3.3 months. As of the date of this Complaint, Plaintiff Gonzalez Guzman's CAA petition has been pending for approximately 34 months.

20. **Plaintiff Nallivis Guzman Sanchez** is a native and citizen of Cuba. Plaintiff Guzman Sanchez filed her CAA petition with USCIS while physically residing in Lincoln,

Nebraska, which confers jurisdiction on this Court. Plaintiff Guzman Sanchez was inspected and admitted or paroled into the United States at Brownsville, Texas, on or about July 27, 2024, and has since maintained continuous physical presence in the United States for a period exceeding 2 years and 3 months. On August 14, 2025, Plaintiff Guzman Sanchez timely filed her CAA petition (Receipt No. IOE0933424708), with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 7 months. As of the date of this Complaint, Plaintiff Guzman Sanchez's CAA petition has been pending for approximately 14 months.

21. **Plaintiff David Antonio Hernandez Rivero** is a native and citizen of Cuba. Plaintiff Hernandez Rivero filed his CAA petition with USCIS while physically residing in Grand Island, Nebraska, which confers jurisdiction on this Court. Plaintiff Hernandez Rivero was inspected and admitted or paroled into the United States at Miami, Florida, on or about June 9, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 5 months. On November 18, 2024, Plaintiff Hernandez Rivero timely filed his CAA petition (Receipt No. MSC2590151457) with USCIS. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff Hernandez Rivero's CAA petition has been pending for approximately 23 months.

22. **Plaintiff Yanibel Martin Acosta** is a native and citizen of Cuba. Plaintiff Martin Acosta filed her CAA petition with USCIS while physically residing in Cozad, Nebraska, which confers jurisdiction on this Court. Plaintiff Martin Acosta was inspected and admitted or paroled into the United States at Nogales, Arizona on or about September 15, 2023, and has since

maintained continuous physical presence in the United States for a period now exceeding 3 years. On October 11, 2024, Plaintiff Martin Acosta timely filed her CAA petition (Receipt No. MSC2590034852) with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff Martin Acosta's CAA petition has been pending for approximately 24 months.

23. **Plaintiff Joise Perez Velazquez** is a native and citizen of Cuba. Plaintiff Perez Velazquez filed his CAA petition with USCIS while physically residing in Crete, Nebraska, which confers jurisdiction on this Court. Plaintiff Perez Velazquez was inspected and admitted or paroled into the United States at Miami, Florida, on or about September 21, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years. On October 3, 2024, Plaintiff Perez Velazquez timely filed his CAA petition (Receipt No. MSC2491060520) with USCIS. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff Perez Velazquez's CAA petition has been pending for approximately 24 months.

24. **Plaintiff Adalberto Rodriguez Santa Cruz** is a native and citizen of Cuba. Plaintiff Rodriguez Santa Cruz filed his CAA petition with USCIS while physically residing in Grand Island, Nebraska, which confers jurisdiction on this Court. Plaintiff Rodriguez Santa Cruz was inspected and admitted or paroled into the United States at Miami, Florida on or about April 13, 2023, and has since maintained continuous physical presence in the United States for a period now exceeding 3 years and 7 months. On April 26, 2024, Plaintiff Rodriguez Santa Cruz timely filed his CAA petition (Receipt No. MSC2490697883) with USCIS, based on his

prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff Rodriguez Santa Cruz's CAA petition has been pending for approximately 30 months.

25. **Plaintiff Gustavo Sierra Denis** is a native and citizen of Cuba. Plaintiff Sierra Denis filed his CAA petition with USCIS while physically residing in Grand Island, Nebraska, which confers jurisdiction on this Court. Plaintiff Sierra Denis was inspected and admitted or paroled into the United States at Miami, Florida, on or about June 27, 2023, and has since maintained continuous physical presence in the United States for a period exceeding 3 years and 4 months. On July 15, 2024, Plaintiff Sierra Denis timely filed his CAA petition (Receipt No. MSC2490878014) with USCIS, based on his prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485 applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff Sierra Denis's CAA petition has been pending for approximately 27 months.

26. **Plaintiff Oleidis Zamora Perez** is a native and citizen of Cuba. Plaintiff Zamora Perez filed her CAA petition with USCIS while physically residing in Kearney, Nebraska, which confers jurisdiction on this Court. Plaintiff Zamora Perez was inspected and admitted or paroled into the United States at Miami, Florida on or about June 15, 2023, and has since maintained continuous physical presence in the United States for a period exceeding 3 years and 4 months. On July 8, 2024, Plaintiff Zamora Perez timely filed her CAA petition (Receipt No.MSC2490860227) with USCIS, based on her prima facie eligibility under the CAA. At the time of filing, USCIS represented that the estimated processing time for Form I-485

applications of this category was approximately 4.6 months. As of the date of this Complaint, Plaintiff Zamora Perez's CAA petition has been pending for approximately 27 months.

27. **Defendant USCIS** is a component agency of the Department of Homeland Security. USCIS is responsible for adjudicating petitions and requests for immigration benefits, including the CAA petitions.

28. **Defendant Joseph B. Edlow** is the Director of USCIS, which is a component agency within the Department of Homeland Security ("DHS"). Director Edlow is sued in his official capacity. Therefore, in this capacity, he is responsible for the adjudication of applications for immigration-related benefits in the United States, including petitions for adjustment of status pursuant to the CAA.

29. **Defendant U.S. Department of Homeland Security** is the federal agency responsible for the administration of the U.S. immigration system and the enforcement of U.S. immigration laws, including the policies and laws at issue in this action. DHS also oversees the administration of key immigration agencies like Defendant USCIS and Immigration and Customs Enforcement ("ICE").

30. **Defendant Markwayne Mullin** is the Secretary of Homeland Security. Secretary Mullin is sued in his official capacity. Therefore, in this capacity, he is responsible for overseeing and managing DHS's component agencies, including Defendant USCIS. Secretary Mullin is also tasked with administration and enforcement of U.S. immigration laws and policies, including those at issue in this action.

## FACTUAL ALLEGATIONS

### I. USCIS is Statutorily Obligated to Adjudicate Petitions for Immigration Benefits in the United States.

31. USCIS is the federal agency that is responsible for adjudicating petitions and requests for immigration benefits. *See* 6 U.S.C. § 271. "Immigration benefits" refers to the conferral of immigration status, authorizations, classifications, and other forms of relief established by Congress under federal immigration law that establish whether and under what conditions noncitizens may, e.g., enter the United States, obtain or maintain a lawful status or period of authorized stay, work in the country, obtain lawful permanent residence, and ultimately, naturalize as United States citizens.

32. Furthermore, the Director of USCIS is specifically "authorized to implement innovative pilot initiatives to eliminate any remaining backlog in the processing of immigration benefit applications, *and to prevent any backlog in the processing of such applications from recurring*, in accordance with [section 204(a) of the Immigration Services and Infrastructure Improvements Act of 2000,] 8 U.S.C. 1573(a)." 6 U.S.C. § 271(a)(5) (emphasis added).

**II. Adjustment of Status under the CAA is Congressionally Mandated Relief for all *Prima Facie* Eligible Cuban Nationals and Citizens in the United States**

33. The Cuban Adjustment Act of 1966, Pub. L. No. 89-732, 80 Stat. 1161 (codified as amended at 8 U.S.C. § 1255 note) ("CAA"), reflects a deliberate and longstanding congressional policy of extending special immigration benefits to Cuban nationals and citizens who seek refuge in the United States.

34. Congress enacted the CAA to provide a distinct and expedited pathway to Lawful Permanent Resident status for eligible Cuban nationals, independent of the numerical visa limitations and standard adjustment procedures ordinarily applicable under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq.

35. Under the CAA, the Secretary of Homeland Security may adjust the status of any eligible Cuban national or citizen to that of an alien lawfully admitted for permanent residence, upon application, provided the applicant: (a) is a native or citizen of Cuba; (b) has been inspected and admitted or paroled into the United States; (c) has been physically present in the United States for at least one year; and (d) is admissible to the United States as an immigrant. 8 U.S.C. § 1255 note § 1. *See also* 6 U.S.C. 271 et seq.

36. Adjustment of status under the CAA confers status of LPR, thereby granting these noncitizens the right to reside and work permanently in the United States, travel internationally, petition for immigration visas for qualifying family members, and ultimately apply for U.S. citizenship.

37. USCIS, as a component of DHS, is the federal agency charged with adjudication applications for adjustment of status, via Form I-485, pursuant to the CAA.

38. Defendant USCIS's obligation to timely adjudicate applications filed under the CAA is reinforced by the APA, 5 U.S.C. § 551 et seq., which mandates that agencies conclude matters presented to them "within a reasonable time". 5 U.S.C. § 555(b).

39. Defendant USCIS's failure to adjudicate a mandatory statutory benefit, which is congressionally mandated relief for noncitizens like the Plaintiffs, constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of 5 U.S.C. § 706(1), and this action is therefore subject to judicial review and remedy by this Court.

**III. Plaintiffs' Pending CAA Petitions are Delayed in Unreasonable Excess Beyond USCIS Historic Processing Times**

40. Plaintiffs are 16 Cuban nationals and citizens who have established *prima facie* eligibility to adjust status under the CAA.

41. Plaintiffs timely and properly filed their respective Form I-485 applications.

42. Upon filing, USCIS issued receipt notices acknowledging acceptance of Plaintiffs' applications and providing median processing times.

43. USCIS publishes processing time information on their public-facing website, including historical processing times for CAA petitions. According to this, USCIS alleges that the median processing time for Form I-485 applications filed under the CAA historically ranged from approximately 3.3 to 10.4 months for the filing period covering FY 2021 to FY 2026 (to-date). The median processing time to date in FY 2026 is 10.4 months.

44. Plaintiffs' CAA petitions have now been pending for any period between 14 months to over 34 months— a period that significantly exceeds USCIS's own published processing times, and that has continued without any substantive adjudicative action, interview scheduling, request for evidence, or explanation from the agency.

45. Despite Plaintiffs' inquiries to USCIS through its public inquiry portal (e-Request), case status checks, and, in certain instances, congressional inquiries submitted on some of the Plaintiffs' behalf, USCIS has failed to provide any substantive explanation for the delay, any estimated date of adjudication, or any indication that Plaintiffs' cases are actively being processed.

46. Accordingly, the duration of the delay is not attributable to any action or inaction on the part of Plaintiffs, who have complied with all USCIS requests and requirements, maintained their eligibility, and remained available for interview or biometrics appointment as required.

47. Courts evaluating unreasonable delay claims under the APA consider, among other factors, the time agencies take to act relative to the statutory or regulatory scheme, the health

and financial interests implicated by the delay, and whether the delay is the result of administrative inaction rather than legitimate adjudicative workload management. *See Telecommunications Research & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC Factors").

48. Here, under any application of the TRAC factors, the delay experienced by Plaintiffs is unreasonable because: (a) no rule of reason supports delays of this magnitude when an agency has a statutory obligation to adjudicate a petition for congressionally mandated relief; (b) Congress did not enumerate any exceptions for extended delay in conferring CAA benefits; (c) the interests prejudiced — LPR status and family stability — are substantial; and (d) expediting Plaintiffs' adjudications would not adversely affect other proceedings before the agency.

**IV. Plaintiffs Suffer Significant Prejudice Because They Are Effectively Prevented from Adjusting Their Immigration Status, Pursuant to Congressionally Mandated Relief (Despite Already Establishing *Prima Facie* Eligibility)**

49. The 16 Plaintiffs to this lawsuit have each established prima facie eligibility for adjustment of status under the CAA. Each Plaintiff is a native or citizen of Cuba, was inspected and paroled into the United States, has been physically present in the United States for a period more than one year, and is not subject to any ground of inadmissibility that would bar adjustment.

50. Notwithstanding their established eligibility, Plaintiffs remain in a legally precarious immigration status solely as a result of USCIS's failure to adjudicate their pending applications. Each day of continued, unreasonable delay by the Defendant USCIS in complying

with their statutory obligation to adjudicate the Plaintiffs' pending petitions deprives Plaintiffs of the protections and rights Congress expressly made available to them.

51. As part of the Defendants' broader, current immigration enforcement priorities, noncitizens like the Plaintiffs are increasingly at risk of being subject to indefinite detention with Immigration and Customs Enforcement ("ICE") if they do not have immigration status in the United States. Therefore, the Defendants' failure to adjudicate the pending CAA petitions causes significant prejudice to the Plaintiffs because the Plaintiffs remain in limbo pending adjustment of their immigration status.

52. The Plaintiffs in this lawsuit, as a result of the unreasonable delay by USCIS are suffering harm that is severe, concrete, and ongoing, and which includes significant prejudice in key aspects that impacts Plaintiffs in their daily lives, including but not limited: (a) travel restrictions: (b) significant risk of family separation; (c) economic harm: (d) psychological and emotional harm; and (e) the unavailability of any adequate remedy at law for these harms being suffered.

## LEGAL FRAMEWORK

### Adjustment of Status Pursuant to the Cuban Adjustment Act (CAA)

53. Cuban nationals and citizens are *prima facie* eligible to adjust status, pursuant to the CAA, if the Cuban national or citizen: (1) is a native or citizen of Cuba; (2) was lawfully admitted or paroled into the United States on or after January 1, 1959; (3) has been physically present in the United States for at least one year prior to filing; and (4) is admissible to the United States as an immigrant, or is entitled to a waiver of any applicable ground of inadmissibility. Pub. L. No. 89-732, § 1, 80 Stat. 1161 (1966).

54. The CAA's adjustment mechanism operates independently of the numerical visa preference system established by the INA, 8 U.S.C. § 1151. Eligible Cuban nationals who meet the established prerequisites can apply for adjustment of status without the need to wait for a visa number to become available; moreover, these noncitizens are not subject to the per-country annual caps that govern other adjustment categories.

55. This structural feature of the CAA reflects Congress's deliberate policy choice to treat Cuban nationals as a uniquely protected class of beneficiaries entitled to expedited access to permanent residence.

56. Adjustment of status under the CAA confers upon the applicant the status of a LPR, entitling the applicant to reside permanently in the United States, to work without restriction, to travel internationally with a re-entry document, and to petition for certain qualifying family members under the INA's family preference categories. 8 U.S.C. § 1153(a). LPR status also initiates the continuous residence period required for naturalization under 8 U.S.C. § 1427.

57. USCIS, as the component of DHS charged with adjudicating immigration benefit applications, bears the institutional responsibility for receiving, processing, and adjudicating Form I-485 applications filed pursuant to the CAA. See 6 U.S.C. § 271(b). This responsibility is not subject to indefinite deferral at the agency's discretion; it is an affirmative, non-delegable duty imposed by statute.

**Agency Obligations under the APA**

58. Under the APA, federal agencies, including Defendant USCIS, are statutorily required to conclude matters presented to them "within a reasonable time". 5 U.S.C. §555(b).

59. This statutory duty to adjudicate petitions that are pending before USCIS is non-discretionary. 5 U.S.C. § 555(b) and 706(1); *see also*, 8 C.F.R. § 245.2(a)(5). The obligation to

act within a reasonable time does not vest in the agency unfettered discretion to determine when or whether to act; rather, it imposes an affirmative temporal constraint on agency inaction that is enforceable by federal courts. *See* 5 U.S.C. § 706(1) (authorizing courts to "compel agency action unlawfully withheld or unreasonably delayed").

60. A reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). This provision grants district courts the authority to order an agency to perform a non-discretionary duty owed to a petitioner where that duty has been unreasonably withheld or indefinitely deferred. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63–64 (2004).

61. Courts evaluate claims of unreasonable agency delay using the multi-factor balancing framework articulated in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ("TRAC"). The TRAC factors require courts to consider: (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed, that statutory scheme may supply the content for the rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not find any impropriety lurking behind the agency's delay in order to hold that such a delay is unreasonable. *TRAC*, 750 F.2d at 80.

**Historic Processing Times for CAA Petitions**

62. According to USCIS's own published Historic Processing Times, between FY 2021 and FY 2026, the average median processing time for Form I-485 applications based on the CAA was 6.5 months.

63. USCIS's published processing times are not merely aspirational targets; they represent the agency's own operational representations regarding its capacity and workflow. Courts have relied on these published benchmarks as a meaningful baseline against which to measure the reasonableness of agency delay in other APA and Mandamus actions. Where actual processing times dramatically exceed these published figures, such deviation must be considered as probative evidence of unreasonable agency inaction.

64. The agency's own data therefore establishes the benchmark against which Plaintiffs' cases must be measured. Plaintiffs' CAA petitions have been pending for periods that range between approximately 14 months to over 34 months — far exceeding the 6.5-month median for I-485 applications that USCIS has itself identified as representative of its normal processing capacity.

## CLAIMS FOR RELIEF

### COUNT ONE
### (1st Violation of the Administrative Procedure Act, 5 U.S.C. § 555(b) and 706(1))

65. Plaintiffs re-allege and incorporate by reference the paragraphs above as though fully set forth herein.

66. The APA imposes a statutory requirement for federal agencies, including Defendant USCIS, to conclude matters presented to them "within a reasonable time". 5 U.S.C. §555(b).

67. Defendants have a nondiscretionary duty to adjudicate the Plaintiffs' pending CAA petitions. 5 U.S.C. § 555(b) and 706(1); *see also*, 8 C.F.R. § 245.2(a)(5).

68. Furthermore, under the APA, this Court, as a reviewing court, has the authority to "compel agency action unlawfully withheld or unreasonably delayed". 5 U.S.C. § 706(1).

69. Defendants have failed to comply with this obligation by failing to adjudicate the Plaintiffs' CAA petitions within a reasonable time and in accordance with the Defendants' statutory obligation. In some cases, the CAA petitions at issue have been delayed for several years beyond the agency's own posted historic processing times.

70. Defendants' failure to timely adjudicate the Plaintiffs' CAA petitions constitutes an agency action unlawfully withheld or unreasonably delayed in violation of the Defendants' obligations under 5 U.S.C. § 706(1).

71. Accordingly, § 706(1) of the APA specifically provides for relief for a *failure to act* in that the reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed."

72. Plaintiffs are entitled to relief under the APA in the nature of an order compelling Defendants to timely adjudicate the pending CAA petitions at issue in this lawsuit.

**COUNT TWO**
**(1st Alternative Claim for Mandamus Relief Pursuant to 28 U.S.C. § 1361)**

73. Plaintiffs re-allege and incorporate by reference the paragraphs above as though fully set forth herein.

74. Plaintiffs plead this Count in the alternative to Count One, and only in the event that this Court determines that relief is unavailable to Plaintiffs under the Administrative Procedure Act. Plaintiffs do not seek duplicative relief under both Counts.

75. Mandamus is proper only if: "(1) the Plaintiffs can show a clear right to the relief sought; (2) the Defendants have a clear, non-discretionary duty to act; and (3) no other remedy is available." *See* 28 U.S.C. §1361; *Gonzalez v. INS,* 867 F.2d 1108 (8th Cir. 1989).

76. Plaintiffs are squarely within the zone of interests protected by the Cuban Adjustment Act. They have a statutory right to apply for adjustment of status once they can establish *prima facie* eligibility for this immigration benefit. Once the Plaintiffs filed their petitions, they had a statutory right to have their petitions adjudicated by UCSIS in a reasonable period of time. 5 U.S.C. § 555(b) and 706(1); *see also*, 8 C.F.R. § 245.2(a)(5).

77. Defendants have a nondiscretionary duty to adjudicate the Plaintiffs' pending CAA petitions. *See id.* Because Plaintiffs have a statutory right to apply to adjust their immigration status pursuant to the CAA, 8 U.S.C. § 1255, Notes – "Cuban Refugees: Adjustment of Status", Defendant USCIS has a corresponding duty to adjudicate that petition. Federal agencies, including Defendants, are required to conclude matters presented to them within a "reasonable time". 5 U.S.C. § 555(b).

78. There are no other adequate remedies available to Plaintiffs to obtain adjudication of their pending CAA petitions.

79. Plaintiffs are entitled to relief, in the form of mandamus pursuant to 28 U.S.C. § 1361, to compel Defendants to timely process and adjudicate the CAA petitions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request this Court to:

(1) Assume jurisdiction over this matter;

(2) Declare that Defendants' delay in adjudicating the Plaintiffs' pending applications to adjust status, pursuant to the CAA is unreasonable under the APA, 5 U.S.C. § 706(1);

(3) Order Defendants to adjudicate Plaintiffs' pending CAA petitions by a date certain to be set by the Court;

(4) In the alternative, issue a writ of mandamus directing Defendants to adjudicate Plaintiffs' CAA petitions by a date certain to be set by the Court;

(5) Award attorneys' fees and costs to Plaintiffs, pursuant to the Equal Access to Justice Act, see 28 U.S.C. § 2412(d), and on any other basis justified under law; and

(6) Grant any further relief this Court deems just and proper.

Dated: November 17, 2026

Respectfully submitted,

***/s/ Ismael Labrador***

Ismael J. Labrador, Esq.
***Attorney for Plaintiffs***
FL Bar No.: 1030508
Gallardo Law Offices, P.A.
8492 SW 8th St
Miami, FL 33144
(305) 261-7000

***/s/ Yesenia Alfonso***

Yesenia L. Alfonso, Esq.
***Attorney for Plaintiffs***
NY Bar No.: 6115208
Gallardo Law Offices, P.A.
8492 SW 8th St
Miami, FL 33144
(305) 261-7000